STATE, Respondent, *v.* DANZER, Appellant.

(No. 2,388.)

(Submitted February 16, 1907. Decided February 25, 1907.)

(88 Pac. 952.)

*Criminal Law—Officers—Purchasing Evidences of Indebtedness Against County—Accessories — Information—Evidence—Insufficiency.*

Criminal Law—Purchasing Claims Against County—Accessories—Information—Insufficiency.
    1. An information charging defendant with being accessory to a county official in purchasing evidences of indebtedness against a

county,—contrary to the provisions of the Penal Code, section 136, and the Political Code, section 1023,—which fails to allege that defendant knew that the person, whose accessory he was charged with being, was a county officer was defective.

Same—Evidence—Insufficiency.

2. Where the only evidence, in a prosecution against defendant for having been accessory to a county officer in purchasing evidences of indebtedness against a county, that such county officer had actually purchased a juror's certificate, was the testimony of the clerk of the district court to the effect that defendant had told him after his arrest that he had handed money to the officer with which to purchase warrants, but who also stated that the person to whom the certificate was supposed to be due from the county had never served on the jury and could not therefore have assigned the certificate to anyone, it was insufficient to prove that the evidences of indebtedness had been bought by the county officer, and therefore insufficient to sustain defendant's conviction.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

GEORGE F. DANZER was convicted of being accessory to a county official in purchasing evidence of indebtedness against a county, and appeals. Reversed, with directions to dismiss information.

*Messrs. Binnard & Rodger,* and *Mr. J. H. Duffy,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in this case was prosecuted and convicted in Silver Bow county upon an information that reads as follows:

"In the district court of the Second judicial district of the state of Montana, in and for the county of Silver Bow, on this —— day of September, A. D. 1906, by leave of court first obtained, George F. Danzer is accused by James E. Healy, the duly elected, qualified, and acting county attorney in and for the county of Silver Bow, state of Montana, by this information, in the name and on behalf and by the authority of the state of

Montana, of the crime of a felony, to-wit: Accessory to a county
official purchasing evidence of indebtedness against the county,
committed by him, the said defendant, as follows, to-wit: That
William P. Farrell was ·at all times hereinafter mentioned the
duly appointed, qualified, and acting chief deputy of the clerk
of the district court of Silver Bow county, Montana; that at the
county of Silver Bow, state of Montana, on or about the seventh
day of July, A. D. 1906, before the filing of this information,
and while the said William P. Farrell was acting as such chief
deputy clerk, of the district court as aforesaid, he did unlaw-
fully, willfully, and feloniously purchase a certain juror's cer-
tificate and evidence of indebtedness for his own use, against
Silver Bow county, Montana, of which the following is a true
copy, to-wit:

" 'No. 4896.

" 'Butte, Montana, July 7, 1906.
" 'To the Treasurer of Silver Bow county, Montana.

" 'I certify that the party named herein has served 23 days
($69.00) as juror, and that he has traveled ——— miles (Int.
——), for which you will pay to N. E. Nelson (Assg. G. F.
Danzer), or order, Sixty-nine & no/100 Dollars, the amount
due him, out of any money belonging to the General Fund.

" 'WILLIAM E. DAVIES,

" 'Clerk Second Judicial District Court.

" 'By W. P. FARRELL,

" 'Deputy.

" 'Presented and registered ———, 190———.
" 'Not paid for· want of funds.

" '................, Treasurer.

" 'By ...............·., Deputy.'

"And the said George F. Danzer did then and there and at
the time and place aforesaid, willfully, unlawfully, and feloni-
ously advance to the said William P. Farrell money to purchase,
and did procure the money, for said juror's certificate or evi-
dence of indebtedness, and did thereby in manner and form

aforesaid, unlawfully, willfully, and feloniously incite, aid, and abet the said William P. Farrell to purchase said juror's certificate or evidence of indebtedness against the said Silver Bow county, Montana."

This information is defective in that it fails to allege that defendant knew that Farrell was a county officer.

The defendant has urged numerous assignments of error to this court, but the disposition we make of the case is such that it will not be necessary to notice them all. We have searched the record in vain for any evidence that Farrell purchased the warrant in question. The only testimony even remotely touching that point is the statement of W. E. Davies, clerk of the district court, that defendant told him, after arrest, that he had handed money to Farrell to buy warrants. On the other hand, we have Davies' statement that the warrant was taken from one of the jurors' certificate books, and was *supposed* to be due from Silver Bow county to N. E. Nelson, but that it could not be assigned because no such person as Nelson had served as a juror. Davies says: "Mr. Danzer could not get an assignment of it because Nelson did not serve on any jury since I have been clerk of the court, and he could not get an assignment from him. How could he get it? If the thing was straight, why certainly Danzer did not know—he did not know there was not any such person as Nelson, because there was not any such person on the jury by that name."

Farrell was a county officer. It was incumbent upon the state to prove that he had *purchased* evidence of indebtedness against the county, contrary to the provisions of section 1023 of the Political Code and section 136 of the Penal Code. No attempt was made to prove this. On the contrary, the testimony of Davies shows that such proof could not have been made, because no such person as Nelson, the juror, existed. There was no one from whom Farrell could have purchased. Of whatever crime, if any, Farrell and Danzer may be guilty, it cannot be the one set forth in this information.

The cause is remanded to the district court of Silver Bow county, with directions to dismiss the information.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.